EDWARDS, Judge.
The City of Baton Rouge appeals a trial court judgment dismissing its claim for unpaid taxes against Mississippi Valley Food Service Corporation. We affirm.
With several observations, we adopt as our own the excellent written reasons for judgment provided by Judge Doherty.
“Otha L. Scholfield, Director of Finance for the City of Baton Rouge and the Parish of East Baton Rouge, instituted this suit to collect sales taxes allegedly due to the City of Baton Rouge and the East Baton Rouge Parish School Board by Mississippi Valley *354 Food Service Corporation, defendant, for the period of July, 1978, through January, 1980. Mississippi Valley Food Service Corporation asserts that no taxes are due because the transactions at issue are exempt. In the alternative, the defendant submits that it has rendered nontaxable services.
Mississippi Valley Food Service Corporation, hereafter referred to as Mississippi Valley, entered into an agreement with The Woman’s Hospital to manage the hospital’s food service facilities. (D-l). According to the agreement, Mississippi Valley is obligated to prepare and serve meals and refreshments in the hospital’s cafeteria and private dining rooms as well as to provide meals to the patients and staff. Counsel for the parties have stipulated that sales taxes have been collected by the plaintiff on all the defendant’s cafeteria sales, vending sales, and catering charges. The issue presently before this court is the determination of whether the sale of meals to patients and staff members is an exempt transaction or a nontaxable service and accordingly, is not subject to a sales tax.
Louisiana Revised Statutes 33:2711 and 33:2737 authorize the local governing authorities of a municipality or a school board to levy a sales and use tax. Pursuant to this authorization the City Council of the City of Baton Rouge enacted sales and use tax ordinances which are reenacted each year. The applicable ordinances to this suit are city ordinance numbers 3818, 3819, 3984, 3985, 4162, and 4163. (Joint Exhibit A, B, C, D, E, and F). The East Baton Rouge Parish School Board also adopted a sales and use tax ordinance. (Joint Exhibit G). Among other things, these ordinances impose a total 3% tax on the sales price of tangible personal property sold at retail which sum shall be collected from the dealer. Section 5(f) of the 1978 and 1979 City Ordinances and the School Board Ordinance include those exemptions granted by Louisiana Revised Statute 47:305 et seq. Section 5(f) of the City’s 1980 Ordinances specifies that the tax shall not be imposed on transactions ‘specifically mandated to include municipalities or parishes by the provisions of L.R.S. 47:305 et seq.’
The language of Section 5(f) of Ordinance Numbers 4162 and 4163 was amended to coincide with the legislature’s 1978 amendment to Lousiana Revised Statute 2716.1. Originally, Louisiana Revised Statute 2716.1 provided that if a transaciton was exempt under state law, it must also be exempt under the local ordinances unless otherwise excluded. By Acts 1978, No. 205, this statute was amended to provide that no exemption from sales and use taxes, granted subsequent to the effective date of the Act, by state law shall be applicable to any sales and use taxes imposed by local authorities unless the state exemption specifies that it applies to local sales and use taxes. Because the state law only provides that new state exemptions are not automatically included as a local tax exclusion, any exemption enacted prior to the effective date of Acts 1978, No. 205, is still a local tax exemption.
This court finds that the defendant’s actions which are at issue constitute a sale at retail of tangible personal property. The defendant provides meals to the hospital’s patients and staff and charges the hospital for these meals according to a schedule provided in their agreement. (D-l, paragraphs 7 and 9). Although the hospital ultimately charges the patients for their meals and includes the staff’s meals as part of their compensation, the hospital is considered a consumer in this transaction and the seller must collect a sales tax. Rule 66. (D-3).
Since there is a sale at retail, it is necessary to determine whether this sale is exempt pursuant to Louisiana Revised Statute 47:305(4). This statute provides as follows:
The sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this Chapter; gasoline; steam, water (not including mineral water or carbonated water or any water put in bottles, jugs, or containers, all of which are not exempted); electric power *355 or energy; newspapers; fertilizer and containers used for farm products when sold directly to the farmer; natural gas; fuel oil, wood waste and bagasse and coal when used for boiler fuel; new trucks, new automobiles, and new aircraft dealers, with the approval of the secretary of the Department of Revenue and Taxation titled in the dealer’s name for use as demonstrators; and drugs prescribed by a physician or dentist, orthotic and prosthetic devices, and wheelchairs prescribed by physicians for personal consumption or use; the sale or purchase of any ostomy, ileostomy, or colostomy device or any other appliance, including catheters, or related item which is required as the result of any surgical procedure by which an artificial opening is created in the human body for the elimination of natural waste; patient aids prescribed by a physician for home use; food sold for preparation and consumption in the home, including by way of extension and not of limitation, bakery products; dairy products; soft drinks; fresh fruits and vegetables; and package foods requiring further preparation by the purchaser are exempt from the tax imposed by this Chapter. Sales of meals furnished to the staff and students of educational institutions, including kindergardens; the staff and patients of hospitals; the staff, inmates and patients of mental institutions; boarders of rooming houses; and occasional meals furnished in connection with or by educational, religious, or medical organizations are exempt from the taxes imposed by this Chapter, if the meals are consumed on the premises where purchased; however, sales by any of the above in facilities open to outsiders or to the general public are not exempt from the taxes imposed by this Chapter. Food sales by restaurants, drive-ins, snack bars, candy and nut counters, private clubs, and sales made by an establishment not specifically exempted elsewhere, who furnish facilities for the consumption of the food on the premises, are not exempt from the taxes imposed by this Chapter.
The exemption for food and drugs, or-thotic and prosthetic devices, and wheelchairs prescribed by physicians for personal consumption or use, for patient aids prescribed by a physician for home use and, for ostomy, ileostomy, or colostomy devices or other appliance, including catheters, or related items required as the result of any surgical procedure by which an artificial opening is created in the human body for the elimination of natural waste, applies only to sales taxes imposed by the state of Louisiana and does not apply to such taxes authorized and imposed by any school board, municipality, or other local taxing authority, notwithstanding any other provisions of law to the contrary and specifically, but not exclusively, R.S. 33:2716.1. However, sales taxes authorized and imposed by any school board, municipality, or other local taxing authority shall not apply to the sale of prescription drugs under the pharmaceutical vendor program of Title XIX of the Social Security Act as administered by the Department of Health and Human Resources of the state óf Louisiana. (Emphasis added by the court)
Because the exemption concerning the sale of meals to the patients and staff of hospitals was enacted in 1974, this transaction is exempt from local taxation. Generally, exemptions are enacted in situations where a sales tax would seriously injure the consumer or be unfair. Nonetheless exemptions from paying taxes are strictly construed against the taxpayer. A & P Boat Rentals, Inc. v. Cronvich, 361 So.2d 1260 (La.App. 1st Cir. 1978), writ denied 363 So.2d 923 (La.1978). Therefore, the taxpayer must specifically and unequivocally prove that the transaction is exempt.
It is the plaintiff’s position that these meals are taxable and not exempt. The plaintiff submits that these sales are not exempt because they are ‘food sales’ and accordingly, not exempt. Additionally, the word ‘food’ encompasses the lesser word ‘meal;’ therefore, the City and School Board can tax this transaction since state law specifically allows authorities to tax food. La. R.S. 47:305(4).
*356 The defendant argues that the sale of meals to the hospital’s staff and patients is exempt by virtue of Louisiana Revised Statutes 47:305(4), 33:2716.1 and Section 5(f) of the respective local ordinances. The defendant contends that food and the sale of meals are separate items with separate exemptions. Therefore, although food is not exempt from local taxation, the sale of a meal to the individual by certain facilities specified in the statute are exempt. In support of its argument, the defendant points to the legislative history concerning the food exemption enactments. In 1973, the legislature enacted the food and drug exemption to cover both the state sales tax statutes, but further provided that this exemption did not apply to local taxes. The next year the exemption for the sale of meals to the staff and patients of hospitals was added to Louisiana Revised Statute 47:305(4) has been modified, the pertinent parts remain the same. Because the legislature did not particularly enumerate the sale of meals in the second paragraph of the statute when it included other specific items, the defendant urges that the sale of meals remains exempt.
Ray Blanchard, Revenue Supervisor for the City-Parish, testified that the defendant deducted the amount it received from the sale of meals to the hospital’s staff and patients from their gross sales on their tax return. The defendant did pay tax on the amount it received from its cafeteria sales. Paul Punk, Director of Contract Administration for the defendant, stated the same facts in his affidavit. (D-2).
The facts indicate that the defendant operates the food facilities in the same manner as the hospital originally operated them. Thomas Hightower, an employee of Woman’s Hospital, testified that the defendant has managed the food services for the hospital for five years, and few individuals are aware that the defendant, and the hospital, is actually in charge of the food facilities. The patients are served their meals by nurses and no charge for sales tax for the patient’s meals is placed on their bills.
When the law is clear, the letter of it should not be disregarded; however, when the law is ambiguous, the court may inquire into the intention of the legislature, the history of the law and/or examine the context in which it is used. Civ.Code Arts. 13, 16 and 18. From a cursory examination it appears that Louisiana Revised Statute 47:305(4) could be subject of more than one interpretation. However, upon studying it thoroughly, the court finds that it is more reasonable to conclude that the defendant’s sale of meals to patients and staff of The Woman’s Hospital is an exempt transaction. It is clear that the transaction at issue is not a sale of food for preparation and consumption in the home or a sale of food by a restaurant or other enumerated establishments. The fact that the defendant also provides meals to the general public in the hospital’s facilities does not affect the exemption for the sale of meals directly to the patients and' staff. The second paragraph of Louisiana Revised Statute 47:305(4) lists items named in the first paragraph as not being exempt from local taxation. The ‘sale of meals’ is not included in this section whereas other specified items are included. This court determines that the word ‘food’ does not encompass the sale of a meal under the circumstances described in the first paragraph of the statute.
For these reasons the court determines that the defendant has proved that the transaction at issue is specifically exempt from the sales and use taxes levied by the City of Baton Rouge and the East Baton Rouge Parish School Board. Accordingly, there is judgment in favor of the defendant, Mississippi Valley Food Service Corporation, and against the plaintiff, Otha L. Scholfield, Director of Finance for the City of Baton Rouge and the Parish of East Baton Rouge rejecting the plaintiff’s demands. Further, it is ordered that the assessment against the defendant be erased, and that the plaintiff pay all those costs which it is required to do so under the law.”
There is no doubt that the sale of meals to the staff and patients of hospitals is tax exempt under LSA-R.S. 47:305(4), the *357 City’s argument that the term “food” swallows up the term “Sales of meals” to the contrary notwithstanding.
Nor is there doubt that the meals, prepared by defendant in the hospital’s own kitchen and served to both patients and staff, are exempt from the sales tax.
The trial court found that Rule 66,[1] established by the Director of Finance as an aid in the construction and administration of the sales tax ordinance, required the hospital to be classified as a consumer. This finding is incorrect. In the most literal sense, those who eat the meals, the patients "and the staff, are consumers. Nothing in R.S. 47:305(4) requires that the meals be served by the hospital itself to be exempt.
It is urged by the City that since Mississippi Valley is paid by volume, there is no “sale at retail” which could be exempt. This argument is specious. Contrary to the City’s claim that there can be no retail sale where there is “a later retail charge” to patients and staff, the record discloses that there is no “later retail charge” to patients or staff. It would be ludicrous for us to hold that the only way for a seriously ill patient’s meal to be tax exempt would for the hospital to serve it and make the patient reach for his wallet on the spot.
The whole purpose of exempting patients’ meals is to keep hospitalization costs down. To adopt the City’s position would result in patients paying more for the same food simply because the hospital had its chicken fried by an outsider.
For the foregoing reasons, the trial court judgment is affirmed. All costs, both trial and appellate, which amount to $146.29,[2] are to be paid by the City of Baton Rouge.
AFFIRMED.

. Rule 66
Hospitals and sanitariums are primarily engaged in the business of selling services and for the purpose of the sales tax they are declared to be consumers or users of all tangible personal property purchased for use or consumption in connection with the operation of the institution and the sellers of tangible personal property to such institutions must collect from them the tax levied by this ordinance. If a hospital or sanitarium operates any divisions that sell tangible personal property in competition with other businesses, such as a prescription department, cafeteria, coffee shop, cold drink stand, medicines and other supplies of any nature which are classified as tangible personal property, then the hospital or sanitarium becomes liable for the tax upon the gross receipts or gross proceeds derived from such sales and must file regular monthly sales tax returns.

. LSA-R.S. 13:5112 requires that a specific dollar figure be decreed when costs are assessed against a political subdivision of the state.